IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(FT. PIERCE DIVISION)

BRADLEY MARTIN, MATTHEW CRULL,
KRISTIN SCHMIER, MELISSA MORALES,
JABARI SCHWEITZER, DILLON FELTS,　　　　　　CASE NO.: 2:21-cv-14469-DMM
KENNETH HOGAN, KELSEA CALLAHAN,
GRAYSON KYTE, GARY SAUNDERS,
JAMES SUTTON, CICILIO PEREZ, JOHN
VELTRE and SAMUEL PALMIERI

    Plaintiffs,

v.

WILLIAM D. SNYDER, in his official
capacity as Sheriff of Martin County,
Florida and STEVEN O'LEARY, individually,

    Defendants.
_____/

## DEFENDANT SHERIFF'S TRIAL BRIEF REGARDING PLAINTIFFS' CLAIM FOR DAMAGES RELATED TO CRIMINAL DEFENSE FEES

    Defendant, SHERIFF WILLIAM D. SNYDER, in his official capacity, by and through the undersigned attorneys, hereby files this Trial Brief Regarding Plaintiffs' Claim for Damages Related to Criminal Defense Fees, and states as follows:

    1.    On January 26, 2022, Plaintiffs filed their Amended Complaint asserting, inter alia, a claim against the Defendant Sheriff in his official capacity related to their arrests. [ECF No. 11, Plaintiffs' Amended Complaint]. The gravamen of Plaintiffs' Amended Complaint is that the Defendant Sheriff's policies and procedures caused the Plaintiffs' unconstitutional arrests.

    2.    As a result of the Court's Order Accepting Magistrate Judge's Report and Recommendation [ECF No. 109], only Plaintiffs' claim traveling under a "failure to train or supervise" theory remains pending, at least as to the Sheriff. [ECF No. 109, p. 16]. Critically for

1

purposes of this Motion, Plaintiffs' Monell claim, to the extent it was based on either an "official policy" or "custom or practice" of the Sheriff was resolved in favor of the Defendant Sheriff. [ECF No. 109, p. 16].

3. In this litigation, Plaintiffs have asserted, as an element of damages, the attorneys' fees they incurred during the pendency of their criminal prosecutions as a result of former deputy O'Leary's arrests. Since the underlying constitutional violation which forms the foundation of Plaintiffs' Monell claim is a § 1983 false arrest claim (as opposed to malicious prosecution claim), Plaintiffs' damages cease at the point in time when they were released from their initial detention as a result of their allegedly improper arrests. Therefore, any damages unrelated to securing their release from their initial detention, including money paid to a criminal defense attorney, are completely irrelevant to Plaintiffs' claims for damages. Plaintiffs are not entitled to damages paid to their criminal defense attorneys unless those funds were expended to secure their release from their initial detention.

**MEMORANDUM OF LAW**

In the companion case to the instant matter, Robin Page, et al. v. Deputy Sheriff O'Leary, et al., Case No. 20-14460-CIV-CANNON/McCabe, the Court correctly held that evidence related to O'Leary's actions which occurred after the underlying arrests which formed the basis of plaintiffs' claims against the Sheriff was **not** relevant to the ultimate question in that lawsuit: whether the Sheriff's failure to train or supervise O'Leary was the moving force behind plaintiffs' alleged constitutional injury. The Court's decision in that regard was consistent with well-settled principles regarding the damages available on a false arrest claim, which, at its root, is what plaintiffs' were claiming. As the United States Supreme Court recognized, "[i]f there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or

arraignment, but not more." Wallace v. Kato, 549 U.S. 384, 390 (2007); see also Jaegly v. Couch, 439 F.3d 149, 154 (2d Cir. 2006) (citing 32 Am.Jur.2d *False Arrest* § 148 for the proposition that "an action for false imprisonment redresses the violation of plaintiff's freedom of movement and not freedom from unjustifiable litigation…").

Wallace's holding likewise controls Plaintiffs' entitlement, or lack thereof, to damages for funds paid to criminal defense attorneys here. Under common law principles, Florida Courts clearly reject these types of damages on a false arrest claim. See e.g. City of Miami v. Bretagna, 190 So. 2d 364, 365-66 (Fla 3rd DCA 1966) (holding that only those attorneys' fees specifically related to obtaining an arrestee's release from custody may be recovered on a false arrest) and St. Petersburg v. Hackman, 672 So. 2d 42, 44 (Fla. 2d DCA 1996) (recognizing that damages for attorneys' fees incurred post-release from initial detention are "usually recoverable on a claim for malicious prosecution rather than false arrest").

As the United States Supreme Court has recognized, "when § 1983 plaintiffs seek damages for violations of constitutional rights, the level of damages is ordinarily determined according to principles derived from the common law of torts." Memphis Community School Dist. v. Stachura, 477 U.S. 299, 306 (1986). As noted above, under common law principles governing claims for false arrest, claims for attorneys' fees unrelated to securing a plaintiff's release from the initial detention are unavailable. Therefore, Plaintiffs here should not be permitted to claim their criminal defense fees as an element of damages to their false arrest claims.

(Certificate of Service Follows on the Next Page)

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that I have electronically filed a copy of the forgoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: **LANCE P. RICHARD, ESQUIRE,** Lance P. Richard, P.A., 51 SE Ocean Blvd., Stuart, Florida 34994 (Email: lrichard@lrichardlaw.com) and **JORDAN REID WAGNER, ESQUIRE,** Kibbey Wagner, PLLC, 73 SW Flagler Avenue, Stuart, Florida 34990(Email: jwagner@kibbeylaw.com ), this 11th day of April, 2024.

/s/ *Summer M. Barranco*
SUMMER M. BARRANCO, ESQUIRE
Fla. Bar No. 984663
PURDY, JOLLY, GIUFFREDA, BARRANCO & JISA, P.A.
2455 E. Sunrise Boulevard, Suite 1216
Fort Lauderdale, Florida  33304
Telephone:     (954) 462-3200
E-mail: summer@purdylaw.com;  isabella@purdylaw.com
Attorneys for *Defendant Sheriff*
Trial Counsel

4